UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY JEANENE HOOKER,

                              Plaintiff,                    DECISION AND ORDER

-vs-

                                                              6:17-CV-6415 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

Now before the Court is the motion for attorney fees pursuant to 42 U.S.C. § 406(b) by Plaintiff's attorney, Anthony J. Rooney, Esq., of the Law Offices of Kenneth Hiller PLLC ("Attorney Rooney"). Mot. for Att'y Fees, Mar. 26, 2020, ECF No. 21. Attorney Rooney represented Plaintiff Mary Jeanene Hooker ("Plaintiff") in this Court's review of a denial of benefits by the Commissioner of Social Security ("Commissioner") that resulted in reversal of the Commissioner's decision and a remand for further proceedings. Dec. and Order, May 7, 2018, ECF No. 16. For the reasons set forth below, Attorney Rooney's motion for attorney fees [ECF No. 21] is granted, and he is directed to refund to Plaintiff the $7,550 that he was previously awarded under the Equal Access to Justice Act.

BACKGROUND

In its Decision and Order reversing the Commissioner's decision, the Court recounted the procedural history of this case:

> On December 11, 2013, Plaintiff filed simultaneous claims for Title II disability benefits and Title XVI supplemental security income benefits.

1

> She alleged disability commencing on January 16, 2011, because of gastroparesis with irritable bowel syndrome ("IBS"), and depressive and anxiety disorders. The Social Security Administration denied her claims on April 2, 2014, and she appeared before an Administrative Law Judge ("ALJ") for a hearing on September 10, 2015, at which a vocational expert also testified. Plaintiff proceeded *pro se* at the hearing. The ALJ issued a decision on March 23, 2016, denying her benefits . . . .

Dec. and Order, ECF No. 16 at 1.

On April 11, 2016, Plaintiff signed a fee agreement with Attorney Rooney and his firm that provided, in pertinent part:

> 3. If I do receive Social Security benefits, the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim or $6,000.00, whichever is lower . . . . The $6,000 limit shall also only apply for services rendered before the Social Security Administration through administrative hearing level. If an appeal is taken of the decision of an [ALJ] to the Appeals Council or to a federal court, the $6,000.00 limit shall not apply. . . .
>
> 6. If my claim goes to federal district court, I consent to have my attorney apply for fees in such a manner as to maximize the fee paid to him, even though it may eliminate or decrease a fee refund under the Equal Access to Justice Act (EAJA) to which I might have been otherwise entitled. I understand that as a result of an EAJA fee, the total fee paid to the attorney may exceed 25% of retroactive benefits, but the client will not be responsible for any fee in excess of 25% . . . .
>
> 7. I acknowledge that a federal court may award my attorney a reasonable fee under the Equal Access to Justice Act (EAJA), in which event such award shall be payable to my attorney . . . I may be entitled to a credit for such fee in the event my attorney is awarded an additional fee for federal court services under 42 U.S.C.A. §406(b).

Ex. 5, Mar. 26, 2020, ECF No. 21-5.

Plaintiff appealed the ALJ's decision to the Appeals Council, which affirmed the ALJ's decision on April 27, 2017. Dec. and Order, ECF No. 16 at 1. On June 25, 2017, Plaintiff commenced an action in this Court pursuant to 42 U.S.C. § 405(g). The Court heard oral argument on April 12, 2018, and on May 7, 2018 reversed the Commissioner's

2

decision, and remanded the matter for a rehearing pursuant to the fourth sentence of 42 U.S.C. § 405(g). *Id.* at 12. On August 16, 2018, the parties stipulated to a fees award of $7,550 and costs of $400 to Attorney Rooney pursuant to the Equal Access to Justice Act for his work representing Plaintiff before this Court. Stip., Aug. 16, 2018, ECF No. 20.

On July 10, 2019, the Commissioner issued a fully favorable decision to Plaintiff, and found that she has been disabled since January 16, 2011. Ex. 3, 9, Mar. 26, 2020, ECF No. 21-3. On March 9, 2020, the Commissioner notified Plaintiff that she was entitled to monthly benefits beginning in December 2012, and that $25,229 – 25% of her past due benefits – would be withheld from her award in case the Commissioner needed to pay Plaintiff's representative. Ex. 4, Mar. 26, 2020, ECF No. 21-4.

On March 26, 2020, Attorney Rooney filed the present motion with this Court under 42 U.S.C. § 406(b), requesting attorney fees of $25,229. Mot. for Att'y Fees, ECF No. 21. Attorney Rooney acknowledges that if the Court awards him fees in this action, he must refund to Plaintiff the $7,550 in fees that he received under Equal Access to Justice Act. *Id*. Based on the records filed with the motion, it appears that Attorney Rooney and co-counsel logged a total of 39.8 hours representing Plaintiff before this Court in 2017 and 2018. Decl., ¶ 13, Mar. 26, 2020, ECF No. 21-2.

In response to Attorney Rooney's motion for fees, the Commissioner, acting in its §406(b) role "resembling that of a trustee for the claimants," notes that the motion was timely filed, and that there is no evidence of fraud or overreaching by Attorney Rooney. Resp., Apr. 6, 2020, ECF No. 24. With respect to the size of the fee request, the Commissioner notes that Attorney Rooney improperly calculated the *de facto* hourly rate

3

he was seeking, but that the total amount of $25,229 did not exceed the statutory limit of 25% of past due benefits. *Id.* Therefore, the Commissioner did not object to Attorney Rooney's fee request. *Id.*

## DISCUSSION

42 U.S.C. § 406(b)(1)(a) provides that in claims against the Commissioner, "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . ." The fee awarded cannot be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," and it is paid "out of, and not in addition to, the amount of [the claimant's] past-due benefits."[1] *Id.* An attorney receiving an award under this provision is not entitled to any other payment for his work before the court. *Id.*

In this case, Plaintiff and Attorney Rooney entered into a contingent-fee agreement under which Attorney Rooney would represent Plaintiff in exchange for twenty-five percent of past due benefits, if awarded. Ex. 5, ECF No. 21-5. The Supreme Court has held that courts should evaluate such contingent-fee arrangements "by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness." *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than

---

[1] This is in contrast to attorney fees awarded under the Equal Access to Justice Act (EAJA). The EAJA provides that the agency against which the action was brought pays the attorney fees of the prevailing party unless the court finds that the agency's position was "substantially justified." 28 U.S.C. § 2412(d).

a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

However, a contingent-fee agreement is not *per se* reasonable. *Id.* When assessing the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805 (explaining the Congressional intent of the provision). Several factors are important in making this determination:

> These factors include: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn*, 389 F. Supp.2d at 456 (quoting *Gisbrecht*, 535 U.S. at 808).

As indicated above, Attorney Rooney's 2016 fee agreement in this case states that in exchange for his representation of Plaintiff in her federal court proceedings, Plaintiff agreed that Attorney Rooney would "apply for fees in such a manner as to maximize the fee paid to him, and that "the client will not be responsible for any fee in excess of 25%" of retroactive benefits. Ex. 5, ECF No. 21-5. Hence, the fee agreement expresses a contingency fee arrangement that does not exceed the statutory maximum of twenty-five percent of past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A).

Moreover, the first and second reasonableness factors weigh in favor of Attorney Rooney's request. First, Attorney Rooney clearly secured Plaintiff an excellent result.

Based on Attorney Rooney's work, this Court reversed the Commissioner's decision and remanded of the case for a new hearing, and Plaintiff was eventually determined to be entitled to over $100,000 in past due benefits. *See, e.g., Lofton v. Berryhill*, No. 6:17-CV-06459-MAT, 2019 WL 180673, at *2 (W.D.N.Y. Jan. 14, 2019) ("[c]ounsel's effective briefing secured a reversal and remand for further administrative proceedings. Following remand, an ALJ issued a fully favorable decision."). Second, there is no indication Attorney Rooney unreasonably delayed the proceedings to indirectly increase his fee through the accumulation of additional benefits by the mere passage of time.

With respect to assessing the third reasonableness factor, whether the fee award constitutes a "windfall," neither the Supreme Court nor the Second Circuit have provided a bright-line test. *See Goins o/b/o J.D.G. v. Berryhill*, No. 6:16-CV-06398-MAT, 2019 WL 311620, at *2 (W.D.N.Y. Jan. 24, 2019). Nevertheless, the Supreme Court has suggested that conducting what is essentially a lodestar analysis may be helpful, though not determinative. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Further, the Second Circuit has instructed that courts should be mindful that "payment for an attorney in a [S]ocial [S]ecurity case is inevitably uncertain," and recognize "that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Wells v. Berryhill*, No. 15-CV-0334-A, 2018 WL 6047273, at *2 (W.D.N.Y. Nov. 19, 2018) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). Lastly, courts in this Circuit have considered such factors as the evidence of effort expended by the

attorney, the attorney's experience and efficiency, and the length of representation, including work done at the administrative agency level. *Wurzer v. Comm'r of Soc. Sec.*, No. 15-CV-6528, 2019 WL 3821897, at *2 (W.D.N.Y. Aug. 14, 2019); *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008).

Taking the foregoing guidance into account, the Court notes that Attorney Rooney has been a member of the New York State bar since 2014, and has written over 200 briefs "in support of Plaintiffs seeking judicial review of the denial of their claims by the Social Security Administration." Decl., ¶ 3–4, Mar. 26, 2020, ECF No. 21-2. According to the itemized time log submitted, Attorney Rooney and his co-counsel spent a total of 39.8 hours representing Plaintiff in this Court. Decl., ¶ 13, ECF No. 21-2. Dividing the fee requested ($25,229) by the total hours expended by counsel in this Court (39.8) yields an effective hourly rate of approximately $633. Attorney Rooney's normal rate is $300 per hour, and his co-counsel's normal rate is $350 per hour. Decl. at ¶ 16.

The Court is aware that "courts in this Circuit routinely approve fee awards in the [S]ocial [S]ecurity context that are above the regular hourly rates." *Heffernan v. Astrue*, 87 F. Supp.3d 351, 355 (E.D.N.Y. 2015) (citing *Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work); *Warren v. Astrue*, No. 06–CV–2933 CBA, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) (approving $25,000 for 38 hours of work); and *Rowell v. Astrue*, No. 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (approving $27,413.19 for 72.25 hours of work). Nevertheless, it is also true that some cases present countervailing factors that led courts to find some large fee awards to be a

7

"windfall" to the respective attorneys. *See, e.g., Plum v. Comm'r of Soc. Sec.*, No. 6:18-CV-6127 (CJS), 2020 WL 1846785, at *4–5 (W.D.N.Y. Apr. 13, 2020) (discussing *Wells*, 2018 WL 6047273).

In any event, the Court takes seriously the fact that a contingency fee agreement "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. In the present case, Attorney Rooney is a well-qualified attorney, who – along with co-counsel – provided 39.8 hours of representation before this Court, and secured a successful result not only here, but also in subsequent proceedings before the Commissioner. Attorney Rooney and co-counsel provided such representation despite the risk of not being compensated for their services.

Accordingly, the Court finds that an award to Attorney Rooney of $25,229 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their Social Security appeals. *Devenish v. Astrue*, 85 F. Supp.3d 634, 639 (E.D.N.Y. 2015) (citing *Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011)). This fee reasonably compensates an attorney of Attorney Rooney's experience and competence in handling Social Security claims when factoring in the agreement of Plaintiff and the risk of non-payment.

## CONCLUSION

For the reasons set forth below, Attorney Rooney' motion for attorney fees [ECF No. 21] is granted and Attorney Rooney is awarded $25,229. Upon receipt of this award,

Attorney Rooney is directed to refund to Plaintiff the $7,550 that he was previously awarded under the Equal Access to Justice Act. The Clerk is directed to close this case.

SO ORDERED.

DATED:   October 27, 2020
         Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge